**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 8:25-cv-135**

**JILLIAN BJORK BAUTISTA,**

Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC, TRANS UNION LLC, and AARGON AGENCY INC** *d/b/a* **AARGON COLLECTION AGENCY,**

Defendants.
__________________________________________/

## COMPLAINT

Plaintiff Jillian Bjork Bautista ("Plaintiff") sues Defendant Experian Information Solutions Inc, Defendant Trans Union LLC, and Defendant Aargon Agency Inc (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Manatee County, Florida.

4. Defendant Experian Information Solutions Inc ("Experian" or "Defendant-EX") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5. Defendant Equifax Information Services LLC ("Equifax" or "Defendant-EQ") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6. Defendant Trans Union LLC ("TransUnion" or "Defendant-TU") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

7. Defendant Aargon Agency Inc. ("Aargon" or "Defendant Aargon") is a/an Nevada corporation with its principal place of business located in Las Vegas, Nevada.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

9. On a date better known by Aargon, Aargon began wrongfully attempting to collect a debt from Plaintiff.

10. The debt Aargon sought to collect from Plaintiff arose from medical treatment afforded by Lakewood Ranch Medical Center to Luca Mazan (the "Consumer Debt").

11. Plaintiff is not the true debtor of the Consumer Debt.

12. Luca Mazan is the true debtor of the Consumer Debt.

13. Plaintiff is the alleged debtor of the Consumer Debt.

14. Aargon is a business entity engaged in the business of soliciting consumer debts for collection.

15. Aargon is a business entity engaged in the business of collecting consumer debts.

16. Aargon regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

17. Aargon is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18. Aargon's "Consumer Collection Agency" license number is CCA0900955.

19. Aargon maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Aargon does maintain, are current to within one week of the current date.

21. For Aargon's "Consumer Collection Agency" license to remain valid, Aargon is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

22. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Aargon *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

23. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Aargon *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

24. On a date better known by Defendants, Aargon wrongfully reported the Consumer Debt to TransUnion and Experian for recording on Plaintiff's credit report.

25. Defendant Aargon falsely represented that Plaintiff was indebted to Lakewood Ranch Medical Center, as well as falsely represented that Plaintiff was financially responsible for the repayment of the Consumer Debt.

26. The Subject Account, as reported on Plaintiff's credit reports, is erroneous, incomplete, inaccurate, and, as such, requires correction. In particular, the Consumer Debt reported by Aargon (the "Subject Account") is erroneous because, among other reasons: (1) Plaintiff is not the true debtor of the Consumer Debt; (2) Plaintiff was not the beneficiary of the medical services that gave rise to the Consumer Debt; (3) Plaintiff did not agree to be financially responsible for medical services provided to a third-party; and (4) Luca Mazan is the true debtor of the Consumer Debt. As such, to achieve the necessary correction, Plaintiff disputed the Subject Account with the national credit bureaus.

27. Plaintiff's multiple disputes to Experian and Transunion, as discussed below, included patient overview information showing that the patient from whom the alleged was owed was an individual other than Plaintiff, *i.e.*, Luca Mazan.

## EXPERIAN

28. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

29. Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

30. Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

31. On a date better known by Experian, Plaintiff disputed the Subject Account using Experian's Online dispute portal (the "Online Dispute").

32. Despite receiving Plaintiff's Online Dispute, Experian continues to report the Subject Account inaccurately.

33. On January 19, 2024, Plaintiff sent Experian a written dispute (the "First Experian Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Aargon Agency account opened 10-03-22 is inaccurate. This bill is not in my name, but I am being charged for it and it is appearing on my credit report. Please correct this. Please see the attached, documents from Aargon Collection Agency showing that the bill is for a patient named Maza, Luca A."

34. Despite receiving Plaintiff's First Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

35. Despite receiving Plaintiff's First Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

36. Despite receiving Plaintiff's First Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

37. On April 19, 2024, Plaintiff sent Experian a written dispute (the "Second Experian Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Aargon Agency account opened 10-03-22 is inaccurate. This bill is not in my name, but I am being charged for it and it is appearing on my credit report. Please correct this. Please see the attached, documents from Aargon Collection Agency showing that the bill is for a patient named Maza, Luca A."

38. Despite receiving Plaintiff's Second Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

39. Despite receiving Plaintiff's Second Experian Dispute, Experian continues to report the Subject Account inaccurately.

40. Despite receiving Plaintiff's Second Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

41. On 11-19-24, Plaintiff sent Experian a written dispute (the "Third Experian Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Aargon Agency account opened 10-03-22 is inaccurate. This

bill is not in my name, but I am being charged for it and it is appearing on my credit report. Please correct this. Please see the attached, documents from Aargon Collection Agency showing that the bill is for a patient named Maza, Luca A."

42. Despite receiving Plaintiff's Third Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

43. Despite receiving Plaintiff's Third Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

44. Despite receiving Plaintiff's Third Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

45. Continuing to report Plaintiff's account inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

46. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

47. Experian failed to conduct a reasonable investigation.

48. Experian failed to review and consider all relevant information submitted by Plaintiff.

49. Experian failed to conduct an independent investigation and, instead, deferred to the underlying furnisher despite the information Plaintiff provided to it (Experian).

50. Experian failed to have policies and procedures in place to ensure compliance with the FCRA.

51. Experian possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's disputes and included in Plaintiff's disputes; however, Experian failed to correct the information.

52. Experian's reporting of inaccurate information in connection with the Subject Account, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

53. Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, chose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

54. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

55. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

**TRANSUNION**

56. TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

57. TransUnion regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

58. TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

59. On January 19, 2024, Plaintiff sent TransUnion a written dispute ("the First TransUnion Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Aargon Agency account opened 10-03-22 is inaccurate. This bill is not in my name, but I am being charged for it and it is appearing on my credit report. Please correct this. Please see the attached, documents from Aargon Collection Agency showing that the bill is for a patient named Maza, Luca A. "

60. Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

61. Despite receiving Plaintiff's First TransUnion Dispute, TransUnion continues to report the Subject Account inaccurately.

62. Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

63. On April 19, 2024, Plaintiff sent TransUnion a written dispute ("the Second TransUnion Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Aargon Agency account opened 10-03-22 is inaccurate. This bill is not in my name, but I am being charged for it and it is appearing on my credit report. Please correct this. Please see the attached, documents from Aargon Collection Agency showing that the bill is for a patient named Maza, Luca A."

64. Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

65. Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion continues to report the Subject Account inaccurately.

66. Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

67. On November 19, 2024, Plaintiff sent TransUnion a written dispute ("the Third TransUnion Dispute") regarding the Subject Account, whereby Plaintiff stated, in relevant part, that "The Aargon Agency account opened 10-03-22 is

inaccurate. This bill is not in my name, but I am being charged for it and it is appearing on my credit report. Please correct this. Please see the attached, documents from Aargon Collection Agency showing that the bill is for a patient named Maza, Luca A."

68. Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

69. Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion continues to report the Subject Account inaccurately.

70. Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

71. Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

72. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

73. TransUnion failed to conduct a reasonable investigation.

74. TransUnion failed to review and consider all relevant information submitted by Plaintiff.

75. TransUnion failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (TransUnion).

76. TransUnion failed to have policies and procedures in place to ensure compliance with the FCRA.

77. TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's disputes; however, TransUnion failed to correct the information.

78. TransUnion's reporting of inaccurate information in connection with the Subject Account, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

79. TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's disputes and, instead, choose to parrot the information it (TransUnion) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

80. Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

81. Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

82. Plaintiff incorporates by reference ¶¶ 9-55 of this Complaint.

83. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

84. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

85. Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

86. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous

personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

87. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

88. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

89. The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to

assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

90. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

91. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Experian)

92. Plaintiff incorporates by reference ¶¶ 9-55 of this Complaint.

93. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

94. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

95. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

96. Additionally, Experian negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

97. Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement

of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

98. The conduct, action, and inaction, of Equifax was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

99. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

100. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

101. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys'

fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against TransUnion)

102. Plaintiff incorporates by reference ¶¶ 9-27 and 56-81 of this Complaint.

103. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

104. TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

105. TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

106. TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure

the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

107. The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

108. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

109. The appearance of the accounts on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

110. As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

111. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against TransUnion)

112. Plaintiff incorporates by reference ¶¶ 9-27 and 56-81of this Complaint.

113. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

114. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

115. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

116. Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

117. TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately

investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

118. The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

119. Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

120. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

121. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual

damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
(against Defendant Aargon)

122. Plaintiff incorporates by reference ¶¶ 9-27 of this Complaint.

123. As stated above, Aargon falsely represented the Consumer Debt as Plaintiff's personal financial obligation, as well as falsely represented that Plaintiff was indebted to Lakewood Ranch Medical Center by reporting the Consumer Debt to TransUnion and Experian.

124. Defendant Aargon, by and through the erroneous and otherwise false reporting to TransUnion and Experian, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

125. Thus, by and through the erroneous and otherwise false reporting to TransUnion and Experian, Defendant Aargon violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

126. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Aargon, awarding Plaintiff the following relief: [1]

statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Aargon)

127. Plaintiff incorporates by reference ¶¶ 9-27 of this Complaint.

128. On at least one occasion within the past two years, by example only and without limitation, Defendant Aargon violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

129. On at least one occasion within the past two years, by example only and without limitation, Defendant Aargon violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

130. On at least one occasion within the past two years, by example only and without limitation, Defendant Aargon violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

131. Upon information and belief, Defendant Aargon was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

132. When Defendant Aargon received notice of Plaintiff's dispute from Defendant CRAs, Defendant Aargon could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

133. Defendant Aargon would have discovered that the information it was reporting about Plaintiff was inaccurate if had reviewed its own systems and previous communications with the Plaintiff.

134. Defendant Aargon's investigation was per se deficient by reason of these failures on Defendant Aargon's investigation of Plaintiff's dispute.

135. As a direct and proximate result of 's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

136. Defendant Aargon's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

137. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Aargon, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 9
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Aargon)

138. Plaintiff incorporates by reference ¶¶ 9-27 of this Complaint.

139. On at least one occasion within the past two years, by example only and without limitation, Defendant Aargon violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

140. On one or more occasions within the past two years, by example only and without limitation, Defendant Aargon violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

141. On one or more occasions within the past two years, by example only and without limitation, Defendant Aargon violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

142. When Defendant Aargon received notice of Plaintiff's dispute from Defendant CRAs, Defendant Aargon could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

143. Defendant Aargon would have discovered that the information it was reporting about Plaintiff was inaccurate if had reviewed its own systems and previous communications with the Plaintiff.

144. Defendant Aargon's investigation was per se deficient by reason of these failures on Defendant Aargon's investigation of Plaintiff's dispute.

145. As a direct and proximate result of Defendant Aargon's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

146. Defendant Aargon's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

147. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Aargon, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: January 16, 2025

Respectfully Submitted,

/s/ Thomas Patti .

**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: Tom@pzlg.legal
**BRYON YOUNG, ESQ.**
Florida Bar No. 1052949
E-mail: Bryon@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33309
Phone: 561-542-8550

*COUNSEL FOR PLAINTIFF*